

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:07 CR 267** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| **JAMES E. ROBSON, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

On May 8, 2007, Defendant James Robson, Jr., was named in a one-count indictment charging him with Bank Fraud in violation of 18 U.S.C. 1344. On June 4, 2007, the Court referred this matter to the U.S. Probation Office for the preparation of a pre-plea presentence report.

On August 10, 2007, the U.S. Probation Office issued a revised pre-plea presentence report. The report indicated that pursuant to U.S.S.G. Chapter 5, Part A, the advisory guideline range is based on an adjusted offense level 13, criminal history category I, which yields a range of 12 to 18 months.

The defendant filed a sentencing memorandum on November 14, 2007. In the memorandum, the defendant requested a downward variance based on the totality of the circumstances and factors in this case. At the change of plea and sentencing hearing on

November 15, 2007, the defendant pled guilty to the indictment and, after counsel's arguments, the Court pronounced sentence as follows:

> THE COURT: Sentencing is without a doubt the hardest part of my job, the part I like the least, and there's no simple way to do it. The Sentencing Guidelines are only advisory. I'm required to compute the advisory range correctly. I'm confident I've done that. And then look at all the circumstances of this offense, all the circumstances of this defendant, and then impose a sentence which is sufficient but not greater than necessary to meet the statutory purposes of sentencing which are punishment, deterrence, protecting the community and rehabilitation.
>
> It's easy to say, but the Court hasn't been given any guidance as to what to do when some of the factors cut one way and some cut the other way, as is probably the case here.
>
> This is both a very serious crime, with a live, vulnerable victim, and there are extraordinary mitigating circumstances on the other side. As Mr. Kern mentioned, Mr. Robson, you did take advantage of your position of trust with a particularly vulnerable victim at a particularly vulnerable time of her life.
>
> And, you know, I guess what you need to understand, it's not a moral shortcoming or failure to run out of money or to earn less money than you used to or that other people are making. I mean, things like that happen. It's not a reflection of any defective character, and I think you may have felt it was, and that pushed you to do something that you knew was wrong. And it's had these consequences.
>
> But it is very serious, and there are lots of people who have positions of financial trust and it is imperative that they not abuse it; and when they do, that there be serious consequences or else we'll have a lot more of it than we do.
>
> So it's not just, you know, a $31,000 fraud on a multi-million or billion dollar corporation, National City Bank.
>
> On the other hand, you did go to extraordinary lengths to pay restitution, and I don't think I've ever encountered, during my 22 years as a prosecutor or my nine-plus years as a Judge, someone who made full restitution at a time when he himself had no assets, wasn't working, and had not yet been charged with a crime.

Now, the investigation was underway, but you hadn't been charged. And the manner in which you made restitution results in your now having to essentially support your parents because they loaned you money by depleting their retirement and IRA accounts. And so you've got to pay them back a thousand dollars a month, and if you don't they're not going to be able to make it because they loaned their retirement money to you.

And that's a very extenuating circumstance. And the only way you can maintain that and support your family and your parents is by working. And you are to be commended for getting a well-paying job after having to give up your other one and surrendering your professional licenses because of this conduct.

So there are strong arguments on both sides. And again I'm ultimately required to impose a punishment which is sufficient but not greater than necessary to meet all the statutory purposes of sentencing: punishment, deterrence, protecting the community, and rehabilitation.

In this case, after a great deal of thought, I've concluded that a sentence within the advisory range would be greater than necessary to meet those purposes. The punishment would be greater, and I don't think it's necessary, certainly, to deter you – you're well-deterred – or to deter others because under these circumstances it's important to recognize the extraordinary lengths you went to to pay restitution.

So I am varying downward by three levels to offense level 10, criminal history category one, which is a range of six to twelve months, and I'm sentencing you to one day in the lockup. You can be released at 4:00 p.m. today. That will be followed by three years of supervised release, the first six months on home detention with electronic monitoring and work release privileges.

Now, home detention is serious business. Basically, this means you go to work. If you've got to get medical care or treatment for yourself, for your family, you certainly can do that. I believe you can arrange for leave to attend religious services if you attend a place of worship regularly, but that's it.

And you've going to be checked. And if you're out of range, you get called and I get called, and you come here for a hearing, and you're not likely to find a lenient Judge in those circumstances.

I'm not imposing a fine. You don't have the resources to pay one because largely you're supporting your family and you're repaying your

folks who lent you the month for restitution, so you don't have the resources to pay a fine.

Restitution has been made so that's not an issue.

There's a mandatory $100 assessment that is due and payable immediately.

You do have the right to appeal, Mr. Robson, your conviction and/or your sentence even with a guilty plea. If you wish to do so, you have ten days, and you should consult with your lawyer about that.

Thus, in consideration of the factors set forth in § 3553(a) and the appropriate guideline range, the Court imposes a prison sentence of one day. That will be followed by three years of supervised release, the first six months on home detention with electronic monitoring and work release privileges. The Court imposes no fine, but does impose the mandatory $100 assessment that is due and payable immediately.

**IT IS SO ORDERED.**

**Dan Aaron Polster**
**United States District Judge**